1 | STACEY E. JAMES, Bar No. 185651
sjames@littler.com
2 | KHATEREH S. FAHIMI, Bar No. 252152
sfahimi@littler.com
3 | NOAH J. WOODS, Bar No. 264823
nwoods@littler.com
4 | LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
5 | San Diego, California 92101.3577
Telephone: 619.232.0441
6 | Facsimile: 619.232.4302

7 | Attorneys for Defendant
BLAZIN WINGS, INC.
8

9 | UNITED STATES DISTRICT COURT

10 | NORTHERN DISTRICT OF CALIFORNIA

11

12 | NICOLE WOODS, as an individual and on behalf of all others similarly situated, | Case No.

13 | | [Removed from Case No. HG19018687]

14 | Plaintiff, | **NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441 AND 1446**

15 | v.

16 | BLAZIN' WINGS, INC., a Minnesota Corporation, doing business as BUFFALO WILD WINGS GRILL & BAR; and DOES 1-50, inclusive,

17 |

18 | Defendants.

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

Please take notice that Defendant BLAZIN WINGS, INC. ("Defendant") removes this action from the Superior Court in the State of California for the County of Alameda, to the United States District Court for the Northern District of California. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), United States Code, title 28, section 1332(d). CAFA authorizes removal of such actions pursuant to United States Code, title 28, section 1446. Defendant sets forth the grounds for jurisdiction and removal in more detail as follows:

## I.   STATEMENT OF JURISDICTION

1. This Court has original jurisdiction under CAFA, which was enacted on February 18, 2005. See 28 U.S.C. §1332(d). In relevant part, CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. CAFA authorizes removal of such actions pursuant to 28 U.S.C. section 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

## II.   INTRADISTRICT ASSIGNMENT

2. Pursuant to Civil L.R. 3-2(c), the proper venue for this civil action is either the San Francisco or Oakland division because the action was originally filed in Alameda County Superior Court.

## III.   PLEADINGS, PROCESSES AND ORDERS

3. On or about May 13, 2019, Plaintiff NICOLE WOODS ("Plaintiff") filed her Complaint in the Superior Court of the State of California for the County of Alameda entitled *Nicole Wood, as an individual and on behalf of all others similarly situated v. Blazin Wings, Inc., a Minnesota Corporation, doing business as Buffalo Wild Wings Grill & Bar and DOES 1-50, inclusive*, Case No. HG19018687 (the "Complaint"). (See Exhibit ("Ex.") A, attached hereto; See also Declaration of Khatereh S. Fahimi ("Fahimi Dec.") ¶2.)

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

2

4. On July 9, 2019, Defendant was served with the Complaint. (See Ex. B, attached hereto; See also Fahimi Dec. ¶2.)

5. On July 18, 2019, Plaintiff filed a First Amended Complaint ("FAC"). (See Ex. C, attached hereto; See also Fahimi Dec. ¶3.) On July 22, 2019, Defendant was served with the FAC. (See Ex. D, attached hereto; See also Fahimi Dec. ¶3.)

6. Plaintiff's FAC asserts six causes of action for: 1. Failure to Provide Lawful Meal Periods; 2. Failure to Authorize and Permit Lawful Rest Periods; 3. Failure to Timely Pay Wages Owed Upon Separation from Employment; 4. Knowing and Intentional Failure to Comply with Accurate Itemized Wage Statement Provisions; 5. Violation of Unfair Competition Law; and (6) Penalties under the Private Attorney Generals Act. (Ex. C, Complaint generally.)

6. In addition to her own claims, Plaintiff seeks to represent a class consisting of "all persons currently or formerly employed by Defendants in non-exempt restaurant positions, however titled, at Buffalo Wild Wings restaurant locations throughout the State of California…within four (4) years prior to the filing of the Complaint in this action until the resolution of the lawsuit." (Ex. C, Complaint, ¶¶ 47 & 49.)

7. Plaintiff also seeks to certify the following Subclasses:

a. "All Class Members who worked more than five (5) hours in a workday and were not provided with a timely, uninterrupted lawful meal period of net thirty (30) minutes, and were not paid compensation of one hour premium wages at the employee's regular rate in lieu thereof." (Ex. C, Complaint, ¶¶ 50(a).)

b. "All Class Members who worked more than three and a half hours in a workday and were not authorized and permitted to take a net 10-minute rest period for every four (4) hours or major fraction thereof worked per day and were not paid compensation of one hour premium wages at the employee's regular rate in lieu thereof." (Ex. C, Complaint, ¶¶ 50(b).)

c. "All Class Members who did not receive all owed wages at time of separation or within 72 hours in the case of resignation." (Ex. C, Complaint, ¶¶ 50(c).)

d. "All Class Members who were not provided with accurate and complete itemized wage statements." (Ex. C, Complaint, ¶¶ 50(d).)

      e.    "All Class Members who were employed by Defendants and subject to Defendant's Unfair Business Practices." (Ex. C, Complaint, ¶¶ 50(e).)

8. Attached hereto as Exhibits A through M are the documents filed in this action in the Alameda County Superior court. (Fahimi Dec., ¶ 4.) Defendant is not aware of any further proceedings or filings regarding this case in the Alameda County Superior Court. (Fahimi Dec., ¶ 5.)

## IV. TIMELINESS OF REMOVAL

9. This Notice of Removal is timely as Defendant filed it within thirty (30) days of being served with the original Complaint. (See Ex. B).

## V. STATEMENT AS TO VENUE

10. This is the district in which the state court action is pending and so is an appropriate venue for removal. 28 U.S.C. § 1441(a).

## VI. STATEMENT OF CAFA JURISDICTION

11. In relevant part, CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, the aggregate number of putative class members is 100 or greater, and the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5 million, exclusive of interest and costs. See 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions pursuant to United States Code, title 28, section 1446.

## VII. SUFFICIENTLY NUMEROUS CLASS FOR CAFA JURISDICTION

12. CAFA defines a "class action" as any civil action filed under Federal Rule of Civil Procedure 23 or similar state statute. See 28 U.S.C. § 1332(d)(1)(B). Plaintiff has pled this action as a class action under California law. (Ex. C, Complaint, ¶¶ 1-4.)

13. Specifically, Plaintiff defines the class of individuals she seeks to represent "all persons currently or formerly employed by Defendants in non-exempt restaurant positions, however titled, at Buffalo Wild Wings restaurant locations throughout the State of California…within four (4) years prior to the filing of the Complaint in this action until the resolution of this lawsuit." (Ex. C, Complaint, ¶ 49.) The class period is defined as May 13, 2015 (four years prior to the filing of the complaint) "until the resolution of this lawsuit." (Id.)

14. As evidenced in the supporting Declaration of Heather Link ("Link Dec."), Blazin Wings, Inc. (Blazin Wings), a wholly owned subsidiary of Defendant, has employed more than 18,000 non-exempt employees in California from May 15, 2015 to April 10, 2019. (Link Dec., ¶ 2.) Based on the number of putative class members at Blazin Wings alone, the aggregate number of putative class members alleged in Plaintiff's Complaint exceeds the 100-person minimum CAFA threshold.

## VIII. MINIMAL DIVERSITY FOR CAFA JURISDICTION

15. Plaintiff admits she is a resident of Hayward, California. (Ex. C, ¶17.) Plaintiff is therefore a citizen of the State of California. See 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (recognizing that residence is prima facie evidence of domicile for purposes of determining citizenship).

16. A corporation is deemed to be a citizen of the state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business refers to its nerve center or, in other words, the location where the corporation's high level officers' direct, control, and coordinate the corporation's activities. See *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Except in unusual circumstances, a corporation's headquarters is its nerve center. *Id*.

17. Defendant is incorporated in the State of Minnesota and its executive and administrative offices are located in Atlanta, Georgia. (Declaration of John Devine ("Devine Dec.") ¶¶3-4.) Additionally, the majority of Defendant's senior officers and directors are located in Atlanta, Georgia. (Devine Dec., ¶ 4.) As a result. Blazin Wings, Inc.'s principal place of business is Atlanta, Georgia. *Hertz*, 559 U.S. at 92-93 (holding that a corporation's "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities and, in practice, where the corporation maintains its headquarters). Therefore, Defendant is not a citizen of California and Plaintiff, who is a member of the putative class, is a citizen of a state different from the Defendant.

18. CAFA's diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Because Plaintiff and

Defendant are citizens of different states, CAFA's diversity requirement is satisfied.

## IX. AMOUNT IN CONTROVERSY FOR CAFA JURISDICTION

19. CAFA authorizes the removal of class actions where, in addition to the other factors outlined above, "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d).

20. In *Rodriguez, et al. v. AT&T Mobility Services LLC*, 728 F.3d 975, 981 (9th Cir. 2013), the Ninth Circuit held that the "legal certainty" test no longer applies when determining the amount in controversy for purposes of removal as that standard is irreconcilable with the Supreme Court's decision in *Standard Fire Insurance Company v. Knowles*, 133 S. Ct. 1345, 1349 (2013). Under *Rodriguez*, "[a] defendant seeking removal of a putative class action must demonstrate by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum." *Rodriguez*, 728 F.3d at 975; see also *Quintana v. Claire's Stores, Inc.*, 2013 WL 1736671, *4 fn. 35 (N.D. Cal. April 22, 2013) (noting that Standard Fire supported the court's decision to apply the preponderance of the evidence standard on other grounds, where plaintiffs alleged in the complaint that the amount in controversy was less than $5 million to avoid CAFA jurisdiction).

21. Plaintiff's allegations and the facts Defendant has submitted in support of removal establish that the $5 million CAFA threshold is met here. Indeed, although Defendant strongly denies Plaintiff's claims of wrongdoing and denies that Plaintiff and/or the putative classes are entitled to any relief, the Court must look to the allegations of Plaintiff's Complaint and the evidence submitted by Defendant to determine the amount in controversy. See *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *Campbell v. Vitran Express, Inc.*, 471 Fed. Appx. 646, 648 (9th Cir. 2012). Notably, "the amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "In other words, in assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell*, 471 Fed. Appx. at 648, quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002); see also *Schiller v. David's Bridal, Inc.*, 2010 WL 2793650, *2, *27-28 (E.D. Cal. 2010) (recognizing that the ultimate

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION

6

or provable amount of damages is not what is considered when determining the amount in controversy, but rather the amount put in controversy by the plaintiff's complaint); *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2009) ("a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages'").

22. Plaintiff's allegations combined with the numbers set forth below establish that the amount in controversy exceeds $5 million. Specifically, Plaintiff alleges that "Defendants failed to … provide first and second meal periods, as a consequence of Defendants' staffing and scheduling practices, failure to schedule meal periods, lack of coverage, work demands, meal period policies, and tipping policies." (Ex. C, Complaint, ¶ 32.) Furthermore, Plaintiff alleges that, even when employees did receive meal periods, "Defendants frequently failed to provide Plaintiff and the Class Members timely, legally complaint [sic] uninterrupted 30-minute meal periods on shifts over five hours as required by law." (Ex. C, Complaint, ¶ 33.)

23. Similarly, Plaintiff alleges that "Plaintiff and the Non-Exempt Employees were systematically not authorized and permitted to take one net ten-minute paid, rest period for every four hours worked or major fraction thereof." (Ex. C, Complaint, ¶ 38-39.) Additionally, Plaintiff alleges that "Defendants maintained and enforced scheduling practices, policies, imposed work demands, and tipping policies that frequently required Plaintiff and Class Members to forego her lawful, paid rest periods of a net ten-minutes for every four hours worked or major fraction thereof." (Ex. C, Complaint, ¶ 40.)

24. Based on the absolute allegations in Plaintiff's Complaint that the putative class was systematically not provided with timely meal and rest breaks, Defendant calculated the amount in controversy on Plaintiff's Meal and Rest Period Claims by conservatively estimating one meal period violation per employee per week and one rest period violation per employee per week. See *Quintana*, 2013 2013 WL 1736671, at *6 (Finding that Defendant's estimates of one meal or rest break violation per week is an acceptable method to calculate possible damages.).

25. Blazin Wings employed more than 18,000 non-exempt employees in California from May 15, 2015 to April 10, 2019. (Link Dec., ¶ 2.) From May 15, 2015 to April 10, 2019, these employees worked a combined total of more than 800,000 workweeks. (Link Dec., ¶ 3.) Assuming

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION        7

conservatively <u>and solely for purposes of this calculation</u> that employees earned an hourly rate of pay of $9.00 per hour[1] for all workweeks between May 15, 2015 and April 10, 2019, and assuming just one meal period violation per employee per week, the amount at issue for Plaintiff's Meal Period Claim against Blazin Wings is $7,200,000 [800,000 workweeks * $9.00 hourly rate of pay]. Similarly, assuming just one rest period violation per employee per week, the amount at issue for Plaintiff's Rest Period Claim for non-exempt employees at Blazin Wings is likewise $7,200,000 [800,000 workweeks * $9.00 hourly rate of pay]. Based on the forgoing, the amount in controversy on just two of Plaintiff's claims is $14,400,000 [$7,200,000 (meal period claim) + $7,200,000 (rest period claim)].

26. In addition to the claims set forth above, Plaintiff alleges three other causes of action. Specifically, Plaintiff seeks penalties for 1) Defendant's failure to pay wages upon separation of employment and within the required time, 2) penalties for Defendant's failure to furnish accurate wage statements and 3) restitution for alleged unfair competition. (Ex. C Complaint, p.1.) These penalties would increase the amount in controversy. However, as set forth above, Defendant has established the amount in controversy far exceeds $5 million without including these penalties.

27. Plaintiff also seeks attorneys' fees, which the Court should consider and include in the amount in controversy since the California Labor Code allows such recovery. (Ex. C, Complaint, ¶¶ 4, 60, 61, 70, 76, 86, 93, and Prayer For Relief); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). Attorneys' fees awards in California wage and hour class actions can total hundreds of thousands of dollars. See, e.g., *McGuigan v. City of San Diego*, 183 Cal. App. 4th 610, 638 (2010) (noting attorneys' fees paid in settlement of $1.6 million); *Pellegrino v. Robert Half Int'l, Inc.*, 182 Cal. App. 4th 278, 287, 296 (2010) (affirming $558,926.85 in attorneys' fees in exemption misclassification class case, but reversing as to multiplier); *Vasquez v. California*, 45 Cal. 4th 243, 249 (2008) (noting award of $435,000 in attorneys' fees for class claims involving failure to pay wages, liquidated damages, penalties and waiting time penalties); *Amaral v. Cintas Corp*. No. 2, 163

---

[1] From July 1, 2014 to January 1, 2016, the state minimum wage in California was $9.00 per hour. (*See Marquez v. City of Long Beach* (2019) 32 Cal.App.5th 552, 561).

Cal. App. 4th 1157, 1216-18 (2008) (affirming award of $727,000 in attorneys' fees plus a multiplier that equated to total fees of $1,199,550 in class action involving violations of a living wage ordinance, the California Labor Code as well as unfair competition and contract claims); *Jasso v. Money Mart Express, Inc.*, 2012 WL 699465, *7 (N.D. Cal. Mar. 1, 2012) ("it is well established that the Ninth Circuit has established 25% of the common fund as a benchmark award for attorney fees"). The Court should therefore consider attorneys' fees as part of the amount in controversy.

28. Accordingly, although Defendant adamantly denies Plaintiff's claims of wrongdoing and denies that Plaintiff or the putative class members can recover any monies, the facial allegations in Plaintiff's Complaint establish that the total amount in controversy significantly exceeds CAFA's minimum threshold.

## X. CAFA'S JURISDICTIONAL EXCEPTIONS DO NOT APPLY

29. Pursuant to 28 U.S.C. section 1332(d)(3), "a district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction under paragraph (2) over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed . . . ." Plaintiff bears the burden of establishing that the jurisdictional exceptions under CAFA apply in this case. See *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1023 (9th Cir. 2007) ("[W]e conclude that although the removing party bears the initial burden of establishing federal jurisdiction under § 1332(d)(2), once federal jurisdiction has been established under that provision, the objecting party bears the burden of proof as to the applicability of any express statutory exception . . . ."). Nevertheless, Defendant submits that the permissive exception does not apply in this case because section 1332(d)(3) requires that all primary defendants be citizens of the state in which the action was filed. See *Sanchez v. Aviva Life & Annuity Co.*, 2009 U.S. Dist. LEXIS 79712, at **13-14 (E.D. Cal. July 16, 2009) (because the statute refers to "primary defendants" in the plural, these provisions require all entities who are "primary defendants" to be from the state where the action was filed). As Defendant is a citizen of Minnesota and has a principal place of business in Georgia, the citizenship requirement of the section 1332(d)(3) exception is not met. (Link Dec., ¶¶ 3-4.)

30. Similarly, the circumstances for mandatory remand under 28 U.S.C. § 1332(d)(4)(B) do not apply to this case for the same reasons set forth in ¶ 29 above. Specifically, the Defendant in this case, Blazin Wings, Inc., is not a citizen of California. See *Sanchez*, 2009 U.S. Dist. LEXIS 79712, at **13-14.

31. For the foregoing reasons, none of the jurisdictional exceptions to removal under CAFA apply in this action.

## XI. NOTICE TO PLAINTIFF AND STATE COURT

32. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, counsel for Defendant is serving written notice of the filing on Plaintiff's counsel of record. (Fahimi Dec., ¶ 6.) In addition, a copy of the Notice of Removal will be filed with the Clerk of the Court for the Alameda County Superior Court. (Fahimi Dec., ¶ 7.)

33. Because Defendant has demonstrated satisfaction of all CAFA requirements and has and/or will provide proper notice of removal, Defendant requests the above-entitled action be removed from the Alameda County Superior Court to the Central District of California.

Dated: August 8, 2019

                                         s/ Khatereh S. Fahimi  
                                         STACEY E. JAMES  
                                         KHATEREH S. FAHIMI  
                                         NOAH J. WOODS  
                                         LITTLER MENDELSON, P.C.  
                                         Attorneys for Defendant  
                                         BLAZIN WINGS, INC.

FIRMWIDE:165611711.1 061451.1349

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION      10