JAMES R. HAWKINS, Bar No. 192925
James@jameshawkinsaplc.com
CHRISTINA M. LUCIO, Bar No. 253677
Christina@jameshawkinsaplc.com
JAMES HAWKINS APLC
9880 Research Drive, Suite 200
Irvine, CA 92618

Attorneys for Plaintiff
NICOLE WOODS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE WOODS, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BLAZIN' WINGS, INC., a Minnesota Corporation, doing business as BUFFALO WILD WINGS GRILL & BAR; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 3:19-CV-04608-WHO<br><br>[Removed from Case No. HG19018687]<br><br>**SECOND AMENDED COMPLAINT:**<br><br>**(1) PENALTIES UNDER THE PRIVATE ATTORNEYS GENERAL ACT, LABOR CODE SECTION 2698 et seq.** |

SECOND AMENDED COMPLAINT

COMES NOW, Plaintiffs NICOLE WOODS ("Plaintiff"), individually and on behalf of others similarly situated, asserts claims against Defendants BLAZIN' WINGS, INC., a Minnesota Corporation, doing business as BUFFALO WILD WINGS GRILL & BAR; and DOES 1-50, inclusive, (collectively "Defendants") as follows:

## INTRODUCTION

1. This is a representative action for recovery of penalties under the Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code sections 2698 *et seq*. PAGA permits "aggrieved employees" to bring a lawsuit as a representative action on behalf of themselves and all other current and former employees, to recover civil penalties and address an employer's violations of the California Labor Code.

2. This action seeks penalties on behalf of any and all persons who are or were employed by Defendants as non-exempt restaurant employees, however titled, in the State of California at Buffalo Wild Wings restaurants within relevant time period. ("Aggrieved Employees" or "Non-Exempt Employees")

3. During the relevant period, Defendants consistently maintained and enforced against its Non-Exempt Employees unlawful practices and policies in violation of California state wage and hour laws, including failing to lawfully provide meal and rest periods to Plaintiff and the Aggrieved Employees; failing to pay one hour of pay at the employee's regular rate of pay when legally mandated meal or rest periods were not lawfully provided; failing to timely pay all wages at the time of termination; failing to provide accurate itemized wage statements; and failing to keep accurate records.

4. Defendants implemented uniform policies and practices that deprived Plaintiffs and Aggrieved Employees of earned wages, including premium wages; lawful meal and/or rest breaks; and timely payment of wages.

5. Such actions and policies, as described above and further herein, were and continue to be in violation of the law. Plaintiff, on behalf of herself and all

Aggrieved Employees, brings this action pursuant to California Labor Code section 2698 et seq. to address numerous violations of the California Labor Code and Wage Order, including sections 201, 202, 203, 218.5, 218.6, 226, 226.3, 226.7, 510, 512, 516, 558, 1174, 1194, 1194.2, 1195, 1197, 1198, applicable IWC California Wage Orders and California Code of Regulations, Title 8, section 11000 *et seq.*, seeking penalties, reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

6. This action was removed by Defendants to this Court pursuant to 28 U.S.C. §§1332, 1441, 1446.

7. This Court has jurisdiction over Defendants because, upon information and belief, each Defendant is either a resident of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over them by the California Courts consistent with traditional notions of fair play and substantial justice. Defendants have done and are doing business throughout California.

8. The unlawful acts alleged herein have a direct effect on the Plaintiff and the other similarly situated Non-Exempt Employees within Alameda County and it is believed that Defendants have employed hundreds of Aggrieved Employees as Non-Exempt Employees throughout the state.

9. The California Superior Court also has jurisdiction in this matter because the individual claims of the Aggrieved Employees described herein are presently believed to be under the seventy-five thousand dollar ($75,000.00) jurisdictional threshold for Federal Court. Further, there is no federal question at issue, as the issues herein are based solely on California statutes and law, including the Labor Code, IWC Wage Orders, the California Code of Civil Procedure, the California Civil Code, and the California Business and Professions Code.

10. Venue is proper because one or more of the Defendants reside, transact business, or have offices in this County, Plaintiff is a resident of this County, and the

acts or omissions alleged herein took place in this County.

**PARTIES**

11. Defendant BLAZIN' WINGS, INC., a Minnesota Corporation, does business as Buffalo Wild Wings Grill & Bar, and operates a casual, sports-bar restaurant chain using the name Buffalo Wild Wings.

12. Upon information and belief, Blazin' Wings, Inc is a subsidiary of Buffalo Wild Wings, Inc.

13. Upon information and belief, Defendants jointly employed Plaintiff and the Aggrieved Employees.

14. Plaintiff Nicole Woods is, and during the liability period has been, a resident of Hayward, California. Plaintiff was employed by Blazin' Wings from November 21, 2015 to May 24, 2018 as a non-exempt employee at the Buffalo Wild Wings restaurant in Hayward, CA. Plaintiff was a Wing Certified Trainer/ HOH Cook team member employee.

15. Plaintiff and the members of the putative class were employed in non-exempt, non-managerial positions, however titled, at Buffalo Wild Wings' restaurants in the State of California.

16. Whenever in this complaint reference is made to any act, deed, or conduct of Defendants, the allegation means that Defendants engaged in the act, deed, or conduct by or through one or more of Defendants' officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of Defendants.

17. The true names and capacities of Defendants, whether individual, corporate, associate, or otherwise, sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sue Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

18. Plaintiff is informed and believes, and thereon allege, that the Doe Defendants are the partners, agents, or principals and co-conspirators of Defendants and of each other; that Defendants and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent of the liability of the Defendants as alleged herein.

19. Plaintiff is further informed and believes, and thereon allege, that at all times material herein, each Defendant was completely dominated and controlled by its co-Defendants and each was the alter ego of the other. Whenever and wherever reference is made in this complaint to any conduct by Defendant or Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and severally. Whenever and wherever reference is made to individuals who are not named as Defendants in this complaint, but were employees and/or agents of Defendants, such individuals, at all relevant times acted on behalf of Defendants named in this complaint within the scope of their respective employments.

## FACTUAL ALLEGATIONS

20. During the relevant time frame, Defendants compensated Plaintiff and the Non-Exempt Employees based upon an hourly wage.

21. Plaintiff and the Aggrieved Employees were, and at all times pertinent hereto, have been non-exempt employees within the meaning of the California Labor Code, and the implementing rules and regulations of the IWC California Wage Orders. They are subject to the protections of the IWC Wage Orders and the Labor Code.

22. Plaintiff Nicole Woods was employed as an hourly, non-exempt employee by Defendants from November 21, 2015 to May 24, 2018.

23. Plaintiff Nicole Woods typically worked five or six days a week, often

working more than 40 hours a week. Plaintiff was frequently required to work beyond her scheduled hours.

24. Plaintiff is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

25. All Aggrieved Employees are similarly situated in that they are all subject to Defendants' uniform policies and systemic practices as specified herein.

26. Plaintiff and the Aggrieved Employees were often required to work shifts in excess of five hours without being provided a lawful first meal period and over ten hours in a day without being provided a second lawful meal period as required by law.

27. Plaintiff and the Aggrieved Employees were also required to sign meal period waivers indicating that they chose to waive their meal periods on shifts up to six hours and that they chose to waive second meal periods regardless of whether Plaintiff and the Aggrieved Employees wished to take such meal periods.

28. Such meal period waivers are unlawful.

29. In addition, Defendants failed to lawfully provide first and second meal periods, as a consequence of Defendants' staffing and scheduling practices, failure to schedule meal periods, lack of coverage, work demands, meal period policies, and tipping policies.

30. Indeed, Defendants frequently failed to provide Plaintiff and the Aggrieved Employees timely, legally complaint uninterrupted 30-minute meal periods on shifts over five hours as required by law. In addition to not being legally provided in the first instance, meal breaks were frequently cut short.

31. On information and belief, Plaintiff and Aggrieved Employees did not waive their rights to meal periods under the law.

32. Plaintiff and the Aggrieved Employees were not provided with valid

lawful on-duty meal periods.

33. Despite the above-mentioned meal period violations, Defendants failed to compensate Plaintiff, and on information and belief, failed to compensate Aggrieved Employees, one additional hour of pay at their regular rate as required by California law when meal periods were not timely or lawfully provided in a compliant manner.

34. Plaintiff is informed and believes, and thereon alleges, that Defendants know, should know, knew, and/or should have known that Plaintiff and the other Aggrieved Employees were entitled to receive accurate premium wages under Labor Code §226.7 but were not receiving accurately calculated compensation.

35. In addition, during the relevant time frame, Plaintiff and the Non-Exempt Employees were systematically not authorized and permitted to take one net ten-minute paid, rest period for every four hours worked or major fraction thereof, which is a violation of the Labor Code and IWC wage order.

36. Defendants also failed to authorize and permit Plaintiff and the Aggrieved Employees to take lawful, paid rest periods of a net ten minutes for every four hours worked or major fraction thereof.

37. Defendants maintained and enforced scheduling practices, policies, imposed work demands, and tipping policies that frequently required Plaintiff and Aggrieved Employees to forego their lawful, paid rest periods of a net ten minutes for every four hours worked or major fraction thereof. Such requisite rest periods were not timely authorized and permitted.

38. In addition, Defendants did not relinquish control over Defendants during meal and rest periods. Specifically, Plaintiff and the Aggrieved Employees were not allowed to leave the premises during rest breaks.

39. Despite the above-mentioned rest period violations, Defendants did not compensate Plaintiff, and on information and belief, did not pay Aggrieved Employees one additional hour of pay at their regular rate as required by California

law, including Labor Code section 226.7 and the applicable IWC wage order, for each day on which lawful rest periods were not authorized and permitted.

40. Defendants also failed to provide accurate, lawful itemized wage statements to Plaintiff and the Aggrieved Employees in part because of the above specified violations. In addition, upon information and belief, Defendants omitted an accurate itemization of gross pay and net pay figures from Plaintiff and the Aggrieved Employees' wage statements.

41. Defendants have also made it difficult to determine applicable rates of pay and account with precision for the unlawfully withheld wages and deductions due to be paid to Non-exempt Employees, including Plaintiff, during the liability period because they did not implement and preserve a lawful record-keeping method to record all hours worked, meal periods, and non-provided rest and meal periods owed to employees as required for non-exempt employees by 29 U.S.C. section 211(c), California Labor Code section 226, and applicable California Wage Orders.

42. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew that at the time of termination of employment (or within 72 hours thereof for resignations without prior notice as the case may be) they had a duty to accurately compensate Plaintiffs and Aggrieved Employees for all wages owed including straight time, overtime, meal and rest period premiums, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so in part because of the above-specified violations.

43. Plaintiff and the Aggrieved Employees are non-exempt employees covered by applicable California IWC Wage Orders and corresponding applicable provisions of the California Code of Regulations, Title 8, section 11000 *et seq*.

**FAILURE TO PROVIDE LAWFUL MEAL PERIODS**

44. Pursuant to Labor Code § 512, no employer shall employ an employee

for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.

45. Defendants failed to lawfully provide Plaintiff and Aggrieved Employees timely and uninterrupted first meal periods of not less than thirty (30) minutes within the first five hours of a shift.

46. During the relevant time, as a consequence of Defendants' staffing and scheduling practices, tipping policies, lack of coverage, work demands, and Defendants' policies and practices, Plaintiff and the Aggrieved Employees were often required to forego legally required meal periods, take shortened meal periods, and/or commence their meal periods into and beyond the sixth hour of their shifts.

47. On information and belief, Plaintiff and Aggrieved Employees did not lawfully waive their rights to meal periods under the law.

48. Plaintiff and, upon information and belief, the Aggrieved Employees were not paid one hour of pay at their regular rate for each day that a meal period was not lawfully provided.

49. As a proximate result of the aforementioned violations, Plaintiff and the Aggrieved Employees were damaged.

50. Pursuant to Labor Code § 226.7, Plaintiff and Aggrieved Employees are entitled to recover one (1) hour of premium pay for each day in which a meal period violation occurred, yet they were not paid such sums.

**FAILURE TO AUTHORIZE AND PERMIT LAWFUL REST PERIODS**

51. Pursuant to the IWC wage orders applicable to Plaintiff's and Aggrieved Employees' employment by Defendants, "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period…. [The] authorized rest period time shall be based on the total

hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof.… Authorized rest period time shall be counted as hours worked, for which there shall be no deduction from wages."

52. Labor Code §226.7(a) prohibits an employer from requiring any employee to work during any rest period mandated by an applicable order of the IWC.

53. Defendants were required to authorize and permit employees such as Plaintiff and Aggrieved Employees to take rest periods during shifts in excess of 3.5 hours, based upon the total hours worked at a rate of ten (10) minutes net rest per four (4) hours worked, or major fraction thereof, with no deduction from wages.

54. Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Member's employment with Defendants, Defendants failed and refused to authorize and permit Plaintiff and Aggrieved Employees to take lawful, net ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof.

55. In addition, as a matter of Defendants' policy, Plaintiff and the Aggrieved Employees were not allowed to leave the premises during rest periods.

56. Defendants did not pay Plaintiff one additional hour of pay at her regular rate of pay for each day that a rest period violation occurred. On information and belief, the other Aggrieved Employees endured similar violations as a result of Defendants' rest period policies and practices and Defendant did not pay said Aggrieved Employees premium pay as required by law.

57. By their failure to authorize and permit Plaintiff and the Aggrieved Employees to take a lawful, net ten (10) minute rest period free from work duties every four (4) hours or major fraction thereof worked, including failure to provide two (2) total rest periods on six to ten hour shifts and three (3) total ten (10) minute rest periods on days on which Plaintiff and the other Aggrieved Employees work(ed) work a third rest period for shifts in excess of ten (10) hours, and by their failure to

provide compensation for such unprovided rest periods as alleged herein, Defendants willfully violated the provisions of Labor Code sections 226.7 and the applicable IWC Wage Order(s).

### FAILURE TO TIMELY PAY WAGES OWED AT SEPARATION

58. Labor Code §§ 201 and 202 require Defendants to pay their employees all wages due within seventy-two (72) hours of separation of employment.

59. Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

60. Plaintiff and Aggrieved Employees are entitled to compensation for all forms of wages earned, including but not limited to premium meal and rest period compensation, but to date have not received such compensation, therefore entitling them to Labor Code § 203 penalties.

61. More than thirty (30) days have passed since affected Waiting Time Aggrieved Employees have left Defendants' employ, and on information and belief, they have not received payment pursuant to Labor Code § 203.

### FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS

62. Labor Code section 226(a) reads in pertinent part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee… (4) all deductions… (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name

1  and address of the legal entity that is the employer, and (9) all applicable hourly
2  rates in effect during each the pay period and the corresponding number of hours
3  worked at each hourly rate by the employee….".

4    63.    Further, the IWC Wage Orders require in pertinent part: Every
5  employer shall keep accurate information with respect to each employee including
6  the following: (3) Time records showing when the employee begins and ends each
7  work period. Meal periods, split shift intervals, and total daily hours worked shall
8  also be recorded…(5) Total hours worked in the payroll period and applicable rates
9  of pay…."

10    64.    Labor Code section 1174 of the California also requires Defendants to
11  maintain and preserve, in a centralized location, among other items, records
12  showing the names and addresses of all employees employed and payroll records
13  showing the hours worked daily by, and the wages paid to, its employees.  On
14  information and belief and based thereon, Defendants have knowingly and
15  intentionally failed to comply with Labor Code section 1174, including by
16  implementing the policies and procedures and committing the violations alleged in
17  the preceding causes of action and herein.  Defendants' failure to comply with
18  Labor Code section 1174 is unlawful pursuant to Labor Code section 1175.

19    65.    Defendants have failed to record many of the items delineated in
20  applicable Industrial Wage Orders and Labor Code section 226, and required under
21  Labor Code section 1174, including by virtue of the fact that each wage statement
22  which failed to accurately compensate Plaintiff and Aggrieved Employees for all
23  non-provided meal and rest periods was an inaccurate wage statement.

24    66.    On information and belief, Defendants failed to implement and
25  preserve a lawful record-keeping method to record all hours worked, meal periods,
26  and non-provided meal and rest periods owed to employees, as required for Non-
27  Exempt Employees under California Labor Code section 226 and applicable
28  California Wage Orders.  In order to determine if they had been paid the correct

amount and rate for all hours worked, Plaintiff and Aggrieved Employees have been, would have been, and are compelled to try to discover the required information missing from their wage statements and to perform complex calculations in light of the inaccuracies and incompleteness of the wage statements Defendants provided to them.

67. As a pattern and practice, in violation of Labor Code section 226(a) and the IWC Wage Orders, Defendants did not and still do not furnish each of Aggrieved Employees with an accurate itemized statement in writing accurately reflecting all of the required information. Specifically, Defendants have also omitted accurate itemizations of gross pay and net pay figures from Plaintiff and the Aggrieved Employees' wage statements. In addition, Defendants have failed to provide accurate itemized wage statements as a consequence of the above-specified violations for failure to pay meal and rest period premiums as required by law.

68. Moreover, upon information and belief, as a pattern and practice, in violation of Labor Code section 226(a) and the IWC Wage Orders, Defendants did not and do not maintain accurate records pertaining to the total hours worked for Defendants by the Aggrieved Employees, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

69. Plaintiff and the Aggrieved Employees have suffered injury as a result of Defendants' failure to maintain accurate records for the members of the Aggrieved Employees in that the members of the Aggrieved Employees were not timely provided written accurate itemized statements showing all requisite information, such that the Aggrieved Employees were misled by Defendants as to the correct information.

### First Cause of Action

**Penalties Under the Private Attorneys General Act, Labor Code Section 2698 et seq.**

**(By Plaintiff on behalf of herself and all other aggrieved employees)**
**(Against all Defendants)**

70. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

71. Plaintiff complied with notice requirements of California's Private Attorneys General Act (PAGA) pursuant to Labor Code section 2699.3.

72. Labor Code section 2699.3 provides in relevant part as follows:

(a)  A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 shall commence only after the following requirements have been met:
(1) (A)  The aggrieved employee or representative shall give written notice by online filing with the Labor and Workforce Development Agency and by certified mail to the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation.
(B)  A notice filed with the Labor and Workforce Development Agency pursuant to subparagraph (A) and any employer response to that notice shall be accompanied by a filing fee of seventy-five dollars ($75). []
(C)  The fees paid pursuant to subparagraph (B) shall be paid into the Labor and Workforce Development Fund and used for the purposes specified in subdivision (j) of Section 2699.

73. Plaintiff has complied with the statutory requirements of PAGA by, inter alia, sending the filing fee and written notice via online filing to the LWDA of the violations set forth herein on or about May 13, 2019. Plaintiff also provided notice by certified mail to Defendant of the alleged violation pursuant to Labor Code Section 2699.3(a)(1)(A).

74. More than 65 days have passed and the LWDA has not notified Plaintiff that it intends to investigate this matter, thereby allowing Plaintiff to bring a PAGA action pursuant to Labor Code section 2699.3(a).

75. Plaintiff is an aggrieved employee as defined in Labor Code § 2699(c) and this action is timely. She brings this cause of action on a representative basis and seeks to represent a class of similarly situated aggrieved employees.

76. The group of aggrieved employees that Plaintiff seeks to represent consists of "All persons currently or formerly employed by Blazin' Wings, Inc. in

non-exempt restaurant positions, however titled, at Buffalo Wild Wings restaurant locations throughout the state of California. The term "Buffalo Wild Wings restaurant locations" refers to any facilities owned, leased, maintained, managed, or operated, in whole or in part, by Blazin' Wings, Inc. doing business as Buffalo Wild Wings.

77. Plaintiff seeks penalties pursuant to PAGA for violations of the following Labor Code provisions as to all Non-Exempt Employees:

a. Unlawful meal period waivers in violation Wage Order No. 5 and Labor Code section 512;

b. Failure to provide lawful meal periods in violation of Wage Order No. 5, Labor Code sections 226.7, and 512;

c. Failure to pay one hour of additional pay at the employee's regular rate of pay for meal periods that were not lawfully provided in violation of Wage Order No. 5, Labor Code sections 226.7, and 512.

d. Failure to provide accurate itemized wage statements to Non-Exempt Employees in violation of Labor Code sections 226(a), 1174, 1174.5, and Wage Order No. 5;

e. Failure to authorize and permit lawful rest periods in violation of Wage Order No. 5, Labor Code sections 226.7, and 512;

f. Failure to pay one hour of additional pay at the employee's regular rate of pay for rest periods that were not lawfully authorized and permitted in violation of Wage Order No. 5, Labor Code sections 226.7, and 512.

g. Failure to timely pay wages owed at separation in violation of Labor Code sections 201-202.

      h. Failure to keep required accurate payroll records in violation of Wage Order No. 5, Labor Code sections 226(a), 1174, and 1174.5.

78. Pursuant to Labor Code section 2699(a) Plaintiff seeks to recover civil penalties for which Defendants are liable due to numerous Labor Code violations as set forth in this Complaint.

79. Plaintiff also seeks an award of reasonable attorney's fees and costs under the statute.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray judgment against Defendants, as follows:

1. For penalties pursuant to Labor Code section 2698 et seq.;
2. For reasonable attorneys' fees and costs; and
3. For such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a jury trial in this matter to the fullest extent of law.

Respectfully submitted,

Dated: October 3, 2019

/s/ Christina Lucio
JAMES HAWKINS, APLC
James R. Hawkins, Esq.
Christina M. Lucio, Esq.

Attorneys for NICOLE WOODS, on behalf of herself and all others similarly situated

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2019 I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court, for the Northern District of California using the CM/ECF system. All participants are registered CM/ECF users, and will be served by the CM/ECF system.

Dated: October 11, 2019           */s/ Christina Lucio*
                                  Christina Lucio